UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD WILLIAM GUTCH | |
| Plaintiff, | |
| v. | 1:05-cv-2338 (RMU) |
| FEDERAL REPUBLIC OF GERMANY, | |
| Defendant. | |

**FEDERAL REPUBLIC OF GERMANY'S MOTION TO DISMISS
FOR INSUFFICIENCY OF SERVICE OF PROCESS
AND LACK OF PERSONAL JURISDICTION**

The Federal Republic of Germany, by counsel, Rubin, Winston, Diercks, Harris and Cooke, LLP for the reasons stated in its accompanying memorandum of law, moves this Court pursuant to:

1. Fed. R. Civ. P. 12(b)(5) to dismiss the complaints against Germany for lack of proper service of process pursuant to 28 U.S.C. 1608 the Foreign Sovereign Immunities Act ("FSIA").

2. Fed. R. Civ. P. 12(b)(2) to dismiss the complaints against Germany for lack of personal jurisdiction.

Dated: January 3, 2006                Respectfully submitted,

/s/Jeffrey Harris
Jeffrey Harris, Esq. Bar. No. 925545
Max Riederer von Paar
RUBIN, WINSTON, DIERCKS, HARRIS &
    COOKE, LLP
Sixth Floor, 1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-0870

CERTIFICATE OF SERVICE

      I certify that the above Defendant's Motion To Dismiss, supporting Memorandum of Law and Proposed Order were served by First Class United States Mail, postage, postage prepaid, on January 3, 2006 to the Plaintiff:

      Harold William Gutch
      Isarstrasse 66
      93057 Regensburg
      Germany


      /s/Max Riederer von Paar

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD WILLIAM GUTCH** | |
| Plaintiff, | |
| v. | 05-cv-2338 (RMU) |
| **FEDERAL REPUBLIC OF GERMANY,** | |
| Defendant. | |

**FEDERAL REPUBLIC OF GERMANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS AND <u>LACK OF PERSONAL JURISDICTION</u>**

The Federal Republic of Germany, by counsel, Rubin, Winston, Diercks, Harris and Cooke, LLP moves this Court pursuant to:

1. Fed. R. Civ. P. 12 (b) (5) to dismiss the complaints for lack of proper service of process pursuant to 28 U.S.C. 1608.

2. Fed. R. Civ. P. 12 (b) (2) to dismiss the complaints for lack of personal jurisdiction.

**1. The complaints should be dismissed for improper service as there has not been proper service of the summons and complaint on the Federal Republic of Germany pursuant to 28 U.S.C. 1608.**

Plaintiff mailed the complaint and summons to the Embassy of the Federal Republic of Germany in Washington, D.C. This service attempt is invalid under Foreign Sovereign Immunities Act and pursuant to Fed R. Civ. P. 12(b)(5), the Complaint should be dismissed.

The methods set forth in 28 USC 1608(a) are the sole channels through which service may properly be effected on a foreign sovereign. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d

1

148, 154 (D.C. Cir. 1994) citing H.R. REP. No. 1487 at 24, reprinted in 1976 U.S.C.C.A.N. at 6623 (section 1608(a) "sets forth the exclusive procedures for service on a foreign state".)

28 USC 1608(a) provides four methods of service.  The first two involve either special arrangements between the United States and Germany or an international convention to which the United States and Germany are parties.  The last two methods involve the clerk of the court dispatching the summons and complaint to either the foreign minister of Germany or to the United States Secretary of State for further transmission through diplomatic channels to Germany.  Both of the latter methods require full German translations of all the papers to be served as well.

The requirements of 28 USC 1608(a) are applied strictly. *Transaero*, 30 F.3d at 153-54; *Sabbagh v. U.A.E.*, 87 Fed. Appx. 188 (D.C. Cir. 2004) (strict adherence to Sec. 1608(a) required to accomplish effective service upon a foreign state).

Plaintiff's mailing of the complaint and the summons without a translation into the German language to the Embassy of the Federal Republic of Germany in Washington D.C. is not a method of service authorized under 28 USC 1608(a).

Neither substantial compliance with 28 USC 1608(a)'s requirements nor actual notice of the suit excuses deviation from the section's mandates. In this circuit "strict adherence to the terms of 28 USC 1608(a) is required". *Transaero*, 30 F.3d at 153-54; *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 117 (D.D.C. 2005).

Hence it is clear that Plaintiff have not attempted, no less made, service in accordance with 28 USC 1608(a) of the FSIA. As a result the complaints should be dismissed pursuant to Fed. R. Civ. P 12 (b) (5) as there was insufficient service of process.

## 2. The service attempt violates the diplomatic immunity of the Embassy of the Federal Republic of Germany

The Embassy of the Federal Republic of Germany is protected under Article 22(1) of the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95 (the "Vienna Convention")[1], which declares that an embassy is inviolable. The Vienna Convention does not permit acts of the receiving state (here the United States of America) against a diplomatic mission including, but not limited to the service of a complaint with summons by mail. Indeed, the House Report on the FSIA, H.R. Rep. No. 1487, 94th Cong., 2d Sess., reprinted in 1976 U.S. Code Cong. & Ad. News 6604, stated that mail service to a diplomatic mission would compromise the inviolability of the premises guaranteed by the Vienna Convention. The House Report concluded that, "Service on an embassy by mail would be precluded under this bill." House Report at 6625.

The purposes of the Vienna Convention is to 'contribute to the development of friendly relations among nations' and 'to ensure the efficient performance of the functions of diplomatic missions.' Vienna Convention on Diplomatic Relations, April 18, 1961, preamble. The service of a complaint and summons by mail on the Embassy has a negative effect on international relations and on the performance of diplomatic duties. The member of the Embassy put in charge of dealing with such mailed complaint would be forced to neglect the performance of his foreign relations functions within the Embassy because of the need to devote his time and attention to learn the legal consequences of such an attempted service of process by mail, and to take whatever action might be required in the circumstances, which would clearly impair the

---

[1] The Convention is also available at http://www.un.org/law/ilc/texts/dipfra.htm.

performance of diplomatic functions. *See Hellenic Lines, Ltd. v. Moore*, 120 U.S. App. D.C. 288 (D.C. Cir. 1965); but see, *Renchard v. Humphreys & Harding, Inc.*, 59 F.R.D. 530 (D.D. C. 1973).

The attempted service of the complaint and the summons is invalid service because of its violation of the Vienna Convention.

3. **The complaints should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12 (b) (2).**

Under the FSIA, personal jurisdiction equals subject matter jurisdiction plus valid service of process. *Transaero*, 30 F.3d at 149. As argued above Plaintiff has failed to serve the complaint properly and, thus, fails to meet the second prong of the test The Court does not have personal jurisdiction over Germany as service of process was insufficient. The Court should dismiss the complaint pursuant to Fed R. Civ. P. 12 (b) (2).

## Conclusion

The Court lacks personal jurisdiction over Germany as Germany has not be properly served.

Dated: January 3, 2006

               Respectfully submitted,

               /s/ Jeffrey Harris   Bar. No. 925545
               Jeffrey Harris, Esq.
               Max Riederer von Paar, Esq.
               Rubin, Winston, Diercks, Harris & Cooke, LLP
               Sixth Floor
               1155 Connecticut Avenue, N.W.
               Washington, D.C. 20036
               (202) 861-0870