UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAROLD WILLIAM GUTCH
        Plaintiff,

v.                                                                                    05 CV 02338 RMU

FEDERAL REPUBLIC OF GERMANY;

        Defendant.

MOTIONS OF HAROLD WILLIAM GUTCH

2. dismiss motion of Germany

- arbitrary exproprietation: 22 U.S.C. Chapter 32 Subchapter III Part I § 2370 (e) (1) and (2)

- International treaties displaying lack of German sovereignty/immunity: Two Plus Four Settlement of 1990; Convention on the Stationing of Foreign Forces in Germany (NATO Status of Forces Agreement)

- international law rendering null and void German decisions outside German jurisdiction: Allied Kommandatura Law No 7, Art. 4,1

4. permission to correct erroneous service

- analogy to LCvR 5.4 (g)

3. counsel in forma pauperis

Dated: January 14, 2006

Respectfully submitted

Harold Gutch
Isarstrasse 66
93057 Regensburg
Germany

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAROLD WILLIAM GUTCH

       Plaintiff

                                                                              05 CV 02338 RMU

   v.

FEDERAL REPUBLIC OF GERMANY

       Defendant.

MOTION TO DISMISS FEDERAL REPUBLIC OF GERMANY'S MOTION

MOTION TO PERMIT PLAINTIFF TO HEAL INSUFFICIENCY OF SERVICE/ TO RESTORE THE STATE WHICH PERMITS HEALING OF SERVICE

MOTION FOR APPOINTMENT OF COUNSEL

II

3. <u>Plaintiff moves this court</u> to dismiss the Federal Republic of Germany's motion. See 22 U.S.C. Chapter 32 Subchapter III Part I § 2370 (e) (2): *"Notwithstanding any other provision of law, no court in the United States shall decline on the ground of the federal act of state doctrine to make a determination on the merits giving effect to the principles of international law in a case in which a claim of title or other rights to property is asserted by any party ... based upon (or traced through) a confiscation or other taking after January 1, 1959, by an act of that state in violation of the principles of international law"*. The present case is arbitrary exproprietation in violation of occupation legislation and Allied sovereignty (in violation of international law) and was committed after January 1, 1959.

1

4. The rights of plaintiff in the exproprietated property came to him from his deceased father who was a US citizen in Berlin endowed by his government with a special immunity status. The exprorietation was carried out against him by virtue of excessive and illegally collected taxation. Therefore 22 U.S.C. Chapter 32 Subchapter III Part I§ 2370 (e) (1) applies: *The President shall suspend assistance to the government of any country to which assistance is provided under this chapter or any other Act when the government of such country or any government agency or subdivision within such country on or after January 1, 1962-(A) has nationalized or exproprietated or seized ownership or control of property owned by any United States citizen... (c) has imposed or enforced discriminatory taxes or other exactions, or restrictive maintenance or operational conditions, or has taken other actions, which have the effect of nationalizing, expropriating, or otherwise seizing ownership or control of property so owned.*

5. It is agreed that service was improper but was really the German Embassy's immunity violated by it? Immunity presupposes sovereignty and Germany is not sovereign in the matters the complaint is about (see complaint nos 9-24). Only in September 1990 the Allies terminated in Article 7, 1 of the "Treaty of 12 September 1990 on the Final Settlement with Respect to Germany "("Two Plus Four Treaty") *their rights and responsibilities relating to Berlin and to Germany as a whole"* and laid down in Article 7,1: *"The united Germany shall have accordingly full sovereignty over its internal and external affairs."* Only since then contains the official mission of a German embassy the whole of Germany including the former occupied West Berlin. West Berlin could until 1990 neither by the Federal Republic of Germany nor by the Democratic Republic of Germany be externally represented and in the reunification of Germany the Allies did not

2

confer corresponding retroactive sovereignty to it. The question is: can reunited Germany possessing since 1990 full sovereignty over its internal and external affairs externally represent Germany in matters of Allied sovereignty in Berlin until 1990? Is a German Embassy also in the field of "Berlin occupation sovereignty of the Allies" in official function or mission in the USA? Referred is to the exceptions of immunity from the civil and administrative jurisdiction of a diplomatic agent in the receiving state under Article 31,1 of the "Vienna Convention on Diplomatic Relations", 1961. A parallel legal situation offers the treaty which is basis for the presence of foreign forces in Germany signed by the Federal Republic in 1954 which had then no sovereignty concerning Berlin or the German Democratic Republic. See complaint no 10 with enclosure 2, the internet publication of the German Foreign Office stating that *"The Convention on the Foreign Forces in the Federal Republic of Germany... though remaining effective following the conclusion of the Two Plus Four Treaty... in principle does not apply to Berlin ...* [and the former German Democratic Republic]. *However an Exchange of Notes (...) granted the armed forces of Belgium, Canada, France, the Netherlands, the United Kingdom and the United States of America the right of temporary presence in these new Bundesländer, including the reunified Berlin, if the German authorities consent."* This military treaty signed in 1954 could after reunification only apply to the whole of Germany by virtue of special Exchange of Letters.

6. The complaint is about Berlin/German decisions which because of their violation of Allied laws and immunities in Berlin trigger a Berlin occupation law rendering them null and void (complaint no 4, Allied Kommandatura Law No 7, Art. 4,1). They were null and void the minute they were passed and remain so. In this respect the case surpasses the precedents referred to by Germany (*Transaero*, 30 F.3d at 153-154; *Sabbagh v. U.A.E.*,

87 Fed. Appx. 188 (D.C. Cir. 2004), *Salazar v. Islamic Republic of Iran,* 370 F. Supp. 2d 105,117 (D.D.2005) and must be placed next to cases in which an official act is under certain circumstances null and void. A typical example of such a case would be that of a man, missed in war, who returns many years later and finds himself at home officially declared as dead and his wife remarried. In after war Germany such cases were not uncommon. In countries with Western tradition one of the marriages is automatically null and void, usually the second one. For the fact alone that there is a law rendering null and void such marriages the persons concerned and also the state have the obligation and the right to take immediate steps for this declaration of nullity. Procedure errors on the way to it would necessarily have to able to be remedied as the declaration of nullity prevails. As the Allied authorities in Berlin who were the only authority for the declaration of the nullity of the German decisions in the present case do not exist any more because of the end of the occupation of Berlin this suit is the last legal remedy to obtain the declaration of the nullity, to which plaintiff is entitled because of the fact that there is the law rendering null and void the corresponding official decisions.

# I.

4. Plaintiff moves this court to permit plaintiff to correct the erroneous service/restore the state which permits correct service (in analogy of LCvR 5.4 (g) which permits correction of incorrect filing). If correction of service could be admitted the translations of summons, complaint and notice of suit cannot be accomplished within the 30 days of §1608 (a)(3) as they are already almost passed by now. Service would therefore have to be made according to paragraph (4) of § 1608(a) involving the clerk of the court dispatching the summons and complaint to the Secretary of State in Washington, D.C. for further transmission through diplomatic channels to Germany.

6. ad no 2 and 3 of Federal Republic of Germany's memorandum:

   The alleged violation of the diplomatic immunity of the Embassy of the Federal Republic of Germany and alleged lack of personal jurisdiction of the court pursuant to Fed. R. Civ. P. 12 (b)(2) depend in this matter - if they exist - on the improper service and will be cured if service is permitted to be performed properly.

   III.

7. <u>Plaintiff moves this court</u> for appointment of counsel if this can still be done at this stage. If this can be granted only in Forma Pauperis plaintiff moves court to grant him Forma Pauperis, too. Plaintiff is eligible for it, he is without a job and has no income. The action is too complex for a non legally trained person like plaintiff (a mathematician) or his mother (a teacher) who helps him in the matter, in particular with regard to procedure rules as the present situation shows. Plaintiff tried for years to find a counsel but was unable to retain any. Here are just a few of the names he contacted: Robert Fiore (Frankfurt, Germany), David Hall and Joseph (Miami, Fl.), E. Randol Schoenberg (L.A.), Perles Law Firm (Washington, D.C.), Vernon Jordan (Washington, D.C.), Bruno A. Ristau (Washington, D.C.), Atkin, Gump, Strauss, Hauser & Feld (Washington, D.C.), Edward Fagan (New York), Moore (New York), Mark J. Andrews (Washington, D.C.), Norman L. Blumenfeld (Washington, D.C.), Neill A. Puckett (Arlington, Va). Plaintiff also contacted organizations like the Center for Constitutional Rights with same negative results. For demonstration of this enclosed are 3 photocopies (most lawyers did not even bother to answer and the many attempts on the telephone to find a lawyer the plaintiff can not even prove any more). From the point of view of equality of weapons it would be in the interest of justice if a lawyer would side by plaintiff. The claim also merits justice for its violation of Allied sovereignty that is international law and also violation of individual

5

immunity, for why was the deceased endowed with an immunity status of such dignity, issued by the highest military US authority in Europe in the most formal way if the status didn't work, further for the provision of the Allied legislator that if there happens what happened here, that Germany decided in matters outside its jurisdiction any such decision would be and void.

Dated January 14, 2006                    Respectfully submitted,

*[signature: Harold Gutch]*

                                                    Harold William Gutch
                                                   Isarstrasse 66
                                                   93057 Regensburg
                                                        Germany

Enclosures


## CERTIFICATE OF SERVICE

I certify that the above Plaintiff's Motions to Dismiss, to Repair Incorrect Service and to be granted a Counsel in Forma Pauperis and Proposed Order were served by First Class German Mail, postage, postage prepaid, on January 14, 2006 to the Defendant's Counsel:

        /s/ Heffrey Harris
        /s/ Max Riederer von Paar
        Jeffrey Harris, Esqu., Bar no 925545

        RUBIN, WINSTON, DIERCKS, HARRIS & COOKE, LLP
        Sixth Floor, 1155 Connecticut Avenue, N.W.
        Washington, D.C. 20036
        U.S.A

*[signature: Harold Gutch]*
                                                   Harold William Gutch