UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

HAROLD WILLIAM GUTCH

                Plaintiff,                  05 CV 02338 (RMU)

   v.

FEDERAL REPUBLIC OF GERMANY

                Defendant.


**Amendment of motion of 14 Jan 06 for permission to serve properly**


In support of **plaintiff's motion of 14 Jan 06, proposed order no. 1**, for permission to serve properly under the FSA rules:

Referred is to United States' *Amicus curiae* in *Schroder Magness et al, v. Russian Federation*, 00-20136 (Court of Appeals, 5th Cir.) in which plaintiffs were given several opportunities to repair improper service on Russian Federation. State Department itself "gave plaintiff's counsel advice on correcting these errors and provided a contact should plaintiffs have questions" (p. 13, see also p. 25 (internet version)). At p. 19 the *Amicus Curiae* mentions *Flory v. United States*, 79 F. 3d 24, 25-26 (5th Cir. 1996) in which plaintiff was also given opportunity to correct service error.

As defense plaintiff can only say that though eager to comply with all formal requirements for filing this suit in order to have his rights established (derived by succession from rights endowed by the United States' government), he failed to see this service rule. He is no legally trained

person and despite great and continuous efforts found no lawyer to represent him or even to help him with the most minor question concerning materiae or procedure rules. His native language being German he has also difficulties with juridical English and has to read some sentences over and over again to grasp what they might contain.

Complaint is on arbitrary expropriation achieved by Germany's retroactive violation of the immunity of plaintiff's father, a Berlin Allied Forces Member, who died in Berlin in 1989. This immunity status had been endowed on plaintiff's father, a US citizen, by the highest United States military authority on European soil, the Commander of Headquarters United States European Command, as representantive of the government of the United States in its capacity of supreme authority in occupied Berlin, an authority the United States had assumed jointly with the other Allies after Germany's unconditional surrender in 1945. The complaint proves that the immunity of the deceased lasted until his death, see complaint nos 96-106 and 128-130, see official statements of legal department of Headquarters United States European Command in enclosures 52-55. The authority and presence of the Allies in Berlin, including their immunity derived "from the right of conquest under the law of war" (State Department in memorandum of March 1979 to Judge of United States Court for Berlin, see complaint no 41) and was original right and therefore absolute. This absolute original immunity and sovereignty of the US Force in Berlin (of which the deceased was part) has been confirmed by the District Court Washington, D.C in 'Dostal, et. al. v. Vance, civil action no. 79-1964', and reaffirmed by United States Court of Appeals for the District of Columbia Circuit, ruling "the position of the US Force in West Berlin is in many respects that of an occupying force. It is practically "sole sovereign" in its sector, and exercises "supreme authority", local government and institutions and courts being but its creatures." (see complaint no 29). Immunity on agreement is not absolute, with respect to the

Geneva Convention for example U.S.C. Title 22, Section 254 (c) provides express limitation. The violation of the immunity of defendant's father constitutes violation of the individual immunity but also violation of the sovereignty of the United States in Berlin and that of the other Allies in Berlin as well, because their individual rights in Berlin flowed from joint rights (complaint nos 128-148). Therefore not only absolute immunity and sovereignty was violated here by defendant but it was also violated to the most possible extent and the highest possible degree.

If therefore one violation of immunity has to be measured against the other, it has to be taken into account that on the one hand we are dealing with US immunity, and the United States is primarily responsible for its own side, secondly absolute US immunity was violated, see ruling mentioned above of United States Court of Appeals for the District of Columbia Circuit 'Dostal, et. al. v. Vance, civil action no. 79-1964', thirdly the violation did not stop at US sovereignty but comprehended that of the other Allies in Berlin as well – and on the other hand there is foreign immunity, protected under an international agreement, the "Vienna Convention on Diplomatic Relations," 1961, which limits it by its own terms already, see Art. 31,1 of „Vienna Convention" and the violation occurred by a service error.

Dated: January 25, 2006            Respectfully submitted,

*Harold Gutch*
Harold Gutch
Isarstraße 66
93057 Regensburg
Germany
+ 49-9403 -573

3

## Certificate of Service

I hereby certify that the above copy of amendment of motion no 1 of 14 Jan 2006 was served by First Class German Mail, postage, postage prepaid, on January 25 to defendant's attorneys:

/s/ Jeffrey Harris

Jeffrey Harris, Esq., Bar no 925545
Rubin, Winston, Direcks, Harris & Cooke, LLP
Sixth Floor, 1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-0870

Harold Gutch

Isarstrasse 66
93057 Regensburg
Germany