IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD WILLIAM GUTCH,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 05-2338 (RMU) |
| **FEDERAL REPUBLIC OF GERMANY,** | |
| **Defendant.** | |

**FEDERAL REPUBLIC OF GERMANY'S OPPOSITION TO "PLAINTIFF'S MOTION FOR RECONSIDERATION TO ORDER OF 27 JULY 2006 (REC. 4 AUG 2006)"**

The Federal Republic of Germany, by counsel Rubin, Winston, Diercks, Harris & Cooke, LLP, opposes "Plaintiff's Motion for Reconsideration to Order of 27 July 2006 (Rec. 4 Aug 2006)," ("Plaintiff's Motion") stating as follows:

Plaintiff's Motion was filed with the Court on August 17, 2006. In his motion Plaintiff seeks an extension of time to file a "motion for reconsideration" if his "motion should not be in due filing time." Plaintiff also moves this Court to "reconsider" the Court's July 27, 2006 Memorandum and Order in which the Court granted Defendant Germany's Motion to Dismiss and denied Plaintiff's motion to perfect service of process.

    **I.    Plaintiff's Motion must Be Considered as a Fed. R. Civ. P. 60 (b) Motion for Relief From Judgment or Order and Not as a Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment**

Plaintiff has styled his motion as a "motion for reconsideration." The general rule is that a "motion for reconsideration" is treated as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment if it is filed within ten days of entry of the challenged order and as a Fed. R. Civ. P 60(b) motion for relief from judgment or order if filed thereafter. *U.S. v.Pollard*, 290 F.3d 153, 156 (D.D.C. 2003);

*Dennington-Bey v. District of Columbia Dept. of Corrections*, 39 F.3d 1224, 1225-1227 (D.C. Cir. 1994).

> Fed. R.Civ. P. 59(e) provides:
>
> A motion to alter or amend the judgment shall be filed no later than 10 days after entry of judgment.

The ten days allowed by Rule 59(e) begins with the clerk's entering of the Court's judgment. Strict compliance with the ten day filing deadline is required; district courts do not have the discretion under Rule 59(e) to enlarge the time to file a Rule 59(e) motion. *Center for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 941 (D.C. Cir. 1986). Thus, Plaintiff's conditional motion for extension of time cannot be granted to permit the filing of an untimely Rule 59(e) motion.

Fed. R. Civ. P. 6(e), which extends a prescribed period by three days when a paper is served upon a party by mail or electronically, is inapplicable to a Rule 59(e) motion because the critical point for measuring time of a Rule 59(e) motion is not the date of service, but the date of entering of the court's judgment on the civil docket. *Dennington-Bey*, 39 F.3d at 1225. "Rule 6(e) does not add 3 days to the 10 days allowed by Rule 59(e)." *Id.* at 1226.

In the instant case, the clerk entered the Court's order on the civil docket on July 27, 2006. The ten day period allowed for the filing of a Rule 59(e) motion therefore began on July 27, 2006 and does not include Saturdays, Sundays or holidays because it is less than 11 days. The ten day period allowed for filing a Rule 59(e) motion in this case therefore ended on August 10, 2006.

The civil docket for this case indicates that Plaintiff's Motion was filed on August 17, 2006 – a week after the deadline for a Rule 59(e) motion established by Rule 59(e). Therefore, Plaintiff's

motion cannot be considered as a Rule 59(e) motion and may only be considered as a Rule 60(b) motion for relief from judgment or order. *U.S. v.Pollard*, 290 F.3d at 156; *Dennington-Bey* 39 F.3d at 1225-1227.

## II. Plaintiff's Motion for Reconsideration Should be Denied

### A. Plaintiff's Motion Should be Denied as Not Meeting the Standards for Rule 60(b) Relief

A party seeking relief from a judgment pursuant to Rule 60(b) bears the burden of demonstrating that he satisfies the prerequisites for such relief. *Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002). Plaintiff's Motion does not identify the legal standards he must meet to succeed on a Rule 60(b) motion, no less attempt to carry his burden of showing that he has met those standards.[1]

The standards governing a motion for reconsideration under Rule 60(b) are somewhat more restrictive than those governing Rule 59(e). *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 420 (D.D.C. 2005); *U. S. v. Pollard*, 290 F. Supp. 2d at 156-58. In relevant part, Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

---

[1] Plaintiff also has not identified the legal standards applicable to a Rule 59(e) motion or attempted to show that he has met those standards.

Fed. R. Civ. P. 60(b). The Court of Appeals for this Circuit has held that Rule 60(b)

> was intended to preserve the "delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Bankers Mortgage Co. v. U.S.*, 423 F.2d 73, 77 (5th Cir), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed. 2d 793 (1970) (emphasis in original); *accord*, *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979); *Boughner v. Secretary of HEW*, 572 F.2d 976, 977 (3d Cir. 1978); *Clarke v. Burkle*, 570 F.2d 824, 830 (8th Cir. 1978). But as the Supreme Court has said, "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198, 71 S. Ct. 209, 211-21, 95 L.Ed. 207 (1950). Rule 60(b) cannot, therefore, be employed simply to rescue a litigant from strategic choices that later turn out to be improvident. *See Marshall v. Board of Educ.*, 575 F.2d 417, 424 (3d Cir. 1978); *Federal's, Inc. v. Edmonton Investment Co.*, 55 F.2d 583 (6th Cir. 1977); *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 651052 (1st Cir. 1972). And a party that has stipulated to certain facts or has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on *rule 60(b)* after an adverse judgment has been handed down. *See Couch v. Travelers Ins. Co.*, 551 F.2d 598, 959 (5th Cir. 1977); 11 C. Wirght & A. Miller, Federal Practice & Procedure s 2858, at 170-73 (1973).

*Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

As noted above, Plaintiff has not identified which of the subsections of Rule 60(b) he believes apply to his motion. Since Plaintiff's Motion, at least implicitly, argues that the Court has made legal errors in its July 27, 2006 Opinion and Order, the two likely candidates would be section (1) ("mistake") and (6) ( "any other reason justifying relief").[2]

This Circuit has recognized that Rule 60(b)(1) may be used to correct certain legal errors of the district courts, but has upheld the grant of a Rule 60(b)(1) motion to correct a legal error only where there was a subsequent appellate decision that changed the law on which the district court had relied in rendering a judgment and change of the law. *D.C. Federation of Civic Ass'ns v. Volpe*, 520

---

[2] As discussed below, Plaintiff's Motion (at 5-10) also seeks to argue the merits of his claim, however, such arguments do not provide a basis for reconsideration of the Court's judgment that it lacks subject matter jurisdiction

F.2d 451, 453 (D.C. Cir. 1975). The D.C. Circuit has repeatedly declined to extend the use of a Rule 60(b)(1) motion to address substantive legal reasoning beyond the limited circumstances in *Volpe*. *See, e.g., Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897, 902 (D.C. Cir.1996); *Center for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d at 940 n5. Several district court judges in this district have also declined to extend the use of Rule 60(b) beyond the limited circumstances in *Volpe*. *See, e.g.*, *U.S. v. Pollard*, 290 F. Supp. 2d at 157 (Judge Hogan); *Hall v. Central Intelligence Agency*, 204 U.S. Dist. LEXIS 27666 at *10 (D.D.C. April 22, 2004) (Judge Friedman); *Krieger v.U.S. Dep't of Justice*, 2004 U.S. Dist. LEXIS 27396 at *10 (D.D.C. April 2, 2004) (Judge Kollar-Kotelly).

Plaintiff's Motion fails to raise an issue which would entitle him to relief under Rule 60(b)(1). Plaintiff's Motion simply argues that the Court erred when it held that the Federal Republic of Germany was a sovereign which has not waived its sovereign immunity. While Plaintiff's Motion makes this argument at great length on pages 1 to 5, nowhere does Plaintiff argue that there has been a subsequent appellate decision that changed the law on which this Court had relied in rendering a judgment. Thus, Plaintiff has failed to meet his burden of showing that he is entitled to relief under Rule 60(b)(1).

Even if this Court were to go beyond the rulings of the D. C. Circuit to reconsider its legal conclusions under Rule 60(b), despite the lack of any intervening change in existing law, Plaintiff would still not be entitled to relief. The reason is simple: the Court's analysis of the law is correct.

Plaintiff's Motion is mistaken when it claims that the Federal Republic of Germany is not a "sovereign" under the Foreign Sovereign Immunities Act ("FSIA"). The Court in its Memorandum Opinion on page 6 correctly points out that the Plaintiff in his Complaint (at. ¶ 7) describes the

Federal Republic of Germany as a foreign state governed by FSIA. Plaintiff's apparent change of opinion does not warrant a reconsideration of the Court's Order in particular because Plaintiff's conclusion is absurd and wrong.

Courts have consistently applied the standard set forth in the Restatement (Third) of the Foreign Relations Law of the United States (the "Restatement") to define the term "foreign state," as it relates to a sovereign power. *Estate of Esther Klieman, v. Palestinian Authority*, 424 F. Supp. 2d 153, 158, 159 (D. DC 2006); U*ngar v. PLO,* 402 F.3d, 274, 283 (1st Cir. 2005). The Restatement defines a foreign state as "an entity that has a defined territory and a permanent population, under the control of its own government, and that engages in, or has the capacity to engage in, formal relations with other such entities." *Restatement (Third) Of The Foreign Relations Law of the United States § 201* (1986).

The court in *Klieman* added that one can also argue that, "for the purposes of the FSIA, a foreign state is an entity that has been recognized as a sovereign by the United States government." *Klieman* at 159 n.6. The Federal Republic of Germany is clearly (and had been prior to 1990) a sovereign foreign state under either definition, and has been recognized by the United States as sovereign nation.

Plaintiff's argument that Defendant waived sovereign immunity is simply an extended statement of disagreement with the Court's July 27, 2006 Memorandum Opinion in which the Court, after a detailed analysis, rejected Plaintiff's argument that Defendant had waived sovereign immunity. Plaintiff's Motion does not provide any basis for the Court to question, no less reverse, its determination that Defendant has not waived sovereign immunity.

Plaintiff similarly is not entitled to relief under the catch-all provision of Rule 60(b)(6) ("any

other reason justifying relief from the operation of the judgment"), which only applies in "extraordinary circumstances." *Ackermann v. U.S.*, 340 U.S. 193, 199 (1950); *Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988); *U.S. v. Pollard*, 290 F. Supp. 2d at 157. Rule 60(b)(6) should be "used sparingly." *Id.*; *Good Luck Nursing Home v. Harris*, 636 F.2d at 577. Such "extraordinary circumstances" exist "when a party presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to be manifestly unjust . . . ." *Good Luck Nursing Home*, 636 F.2d at 577; *Pollard v. U.S.*, 290 F.3d at 157. However, a party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Good Luck Nursing Home*, 636 F.2d at 577.

In the instant case, the argument presented in Plaintiff's Motion can be summarized as being nothing more than an extended assertion that the Court was wrong when it held that the Federal Republic of Germany is a sovereign which has not waived its sovereign immunity. In doing so, Plaintiff has failed to provide any previously undisclosed facts "so central to the litigation that it shows the initial judgment to be manifestly unjust." Having failed to do so, Plaintiff has failed to show "extraordinary circumstances" which would justify relief from the operation of the judgment.

As noted above at note 2, Plaintiff's Motion also provides an extensive argument on pages 5 through 10 which goes entirely to the merits of his claim against Defendant. None of this argument is at all relevant to the issue of whether Plaintiff is entitled to relief from a judgment which focused entirely on whether the Court had subject matter jurisdiction. Thus, this extensive argument on the merits provides no basis for relief under Rule 60(b).

The foregoing establishes that Plaintiff has failed to carry his burden of showing that he is

entitled to any relief from the Court's July 27, 2006 judgment under Rule 60(b). Therefore Plaintiff's Motion should be denied.

### B. Plaintiff's Motion Also Would Not Meet the Standard for Rule 59(e) Relief

While Defendant has demonstrated that Plaintiff's Motion cannot be considered under Rule 59(e) because it was not timely filed, Plaintiff's Motion also could not be granted even if Rule 59(e) were applied. While this Court has "considerable discretion" in ruling on a Rule 59(e) motion, *Lightfoot v. District of Columbia*, 355 F. Supp. 2d at 421, such motions are not routinely granted. *Id.*, *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996). Indeed, Rule 59(e) motions are " . . . disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  *Lightfoot v. District of Columbia*, 355 F. Supp. 2d at 421; *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Central Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004 )(*quoting Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.1996)); *Lightfoot v. District of Columbia*, 355 F. Supp. 2d at 421. A Rule 59(e) motion cannot be used to simply reargue facts and theories upon which the court has already ruled. *Lightfoot v. District of Columbia*, 355 F. Supp. 2d at 421; *New York v. United States*, 880 F. Supp. 37. 38 (D.D.C. 1995).

None of the bases for granting a Rule 59(e) motion is present in this case. As demonstrated above, there has been no change in controlling law. Plaintiff does allege the availability of new evidence. He has not shown that there has been a clear legal error. Indeed, as shown above, the

Court's decision that it lacks subject matter jurisdiction is clearly correct. Finally, Plaintiff has not shown that the reconsideration of the Court's July 27, 2006 judgment is necessary to prevent a "manifest injustice." Plaintiff's Motion is nothing more than an attempt to reargue facts and theories upon which this Court has already ruled.

Plaintiff's Motion has thus failed to show that, even if Rule 59(e) were applicable, he would be entitled to relief. Since Plaintiff has failed to show the "extraordinary circumstances" necessary for the granting of a Rule 59(e) motion, no such relief could be granted. Therefore, even if the Court were to consider Plaintiff's Motion under Rule 59(e), the Court should deny the motion.

### III. Conclusion

Plaintiff's Motion must be considered under Rule 60(b) and not Rule 59(e) because it was not timely filed under Rule 59(e) and the Court lacks the discretion to extend the time for filing a Rule 59(e) motion. In addition, Plaintiff's Motion has failed to show that Plaintiff is entitled to any relief from the Court's July 27, 2006 judgment under Rule 60(b) or under Rule 59(e). Therefore, Plaintiff's Motion should be denied.

Dated: August 24, 2006                    Respectfully submitted,

/s/ Jeffrey Harris    Bar No. 925545
Jeffrey Harris, Esq.
Max Riederer von Paar, Esq.
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor
1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-0870

**CERTIFICATE OF SERVICE**

I certify that the above Federal Republic of Germany's Opposition to "Plaintiff's Motion for Reconsideration to Order of 27 July 2006 (Rec. 4 Aug 2006)" was served by First Class United States Mail, postage prepaid, on August 24, 2006 to the Plaintiff:

>Harold William Gutch
>Isarstrasse 66
>93057 Regensburg
>Germany

/s/ Max Riederer von Paar