RECEIVED
SEP 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

**HAROLD WILLIAM GUTCH,**

                **Plaintiff,**     Civil Action No. 05-2338 (RMU)

  v.

**FEDERAL REPUBLIC OF GERMANY,**

                **Defendant.**

---

## HAROLD GUTCH'S REPLY TO GERMANY'S OPPOSITION OF 24 AUG 2006

Harold Gutch [hereafter Gutch] repeats his motions of 10 August 2006 for reconsideration of judgment.

1. It is exactly for the avoidance of formal errors indicated by Federal Republic of Germany in its opposition of 24 Aug 2006 as present in Gutch's motions that Gutch needs an appointed attorney for whom he applied earlier to this court. He is not a jurist, not even a German jurist, and can only try to find the legal route in this action by the internet publications on American law. Procedural errors are thus unavoidable. Having grown up in Germany he also needs longer for his formulations of his submissions to the court in the English language than the attorneys of the Federal Republic, and his formulations are by nature less precise. Under the special circumstances of this case Gutch respectfully moves this court to be generous with respect to the filing time limitation and with respect to the formulations of Gutch. In particular as the rights that Gutch claims here are rights and immunities provided by the Allies for their own side in Berlin, that is in the present matter rights that the U.S. government in its supreme authority in Berlin provided for its own Forces Members.

1

2. Gutch hereby repeats motion of 10 August and what he stated in his complaint: Germany did not exist between 1945 and 1990 as a political unity with a central government. This can not be disputed as it is a historical fact. What else was the reunification in 1990 but the reunification of those three political German entities, the FRG, the GDR and Berlin which since 1945 had been under three different governments? What would for example be the sense of the public statement – uncontradicted by the then Federal Republic - of the governments of the Allies in the *Quadripartite Agreement of 3 September* 1971 that the Sectors of Berlin "continue not to be a constituent part of the Federal Republic of Germany and not to be governed by it", quoted at page 4 of Gutch's motion for reconsideration (the Agreement itself is contained in Compl. No.23), if it did not literally mean that Berlin was not and would not continue at that time (1971) to be a constituent part of the then Federal Republic? What is the authority of the Four Powers that formulated such statements publicly about Berlin if it is not supreme authority? Why would the United States court of appeal, Washington, D.C., formulate in 1979 in *Dostal v. Vance,* civil action no 79-1964 (a more precise file ref can not be given by Gutch as he quotes H. J. Stern, Judgment in Berlin, 1984, Postscript) on the U.S. Forces' position in Berlin the precise and strong statement "the position of the U.S. Forces in West Berlin is ... that of an occupying force. It is practically "sole sovereign" in its sector, and exercises "supreme authority," local government and institutions and courts being but its creatures" if it was not the case that "local government, and institutions and courts" were in Berlin the U.S. forces "creatures"? If there is any doubt about the historical fact that Berlin, the place of the present action, was between 1945 and 1990 under Allied supreme authority Gutch moves this court respectfully to admit an expert opinion (is this possibly called in the U.S "amicae curiae"?) on this question.

(3) Berlin, the area that concerns this suit was between 1945 and 1990, under Allied occupation, which occupation basing on the unconditional surrender of Germany and the Allies' assumption

of supreme authority with respect to Germany on 5 June 1945 (Compl. No. 15) meant supreme authority of the Allies in Berlin. This Allied supreme authority was as any occupation authority undivided authority, that is legislation, jurisdiction and execution were in one hand. As therefore supreme Berlin jurisdiction was with the Allies one could formulate differently that as long as the occupation of Berlin lasted the Berlin authorities or the German authorities subjected themselves in matters regarding Berlin to Allied supreme jurisdiction.

(4) As the relationship between occupier and occupé is not agreement – the rights an occupier acquires in the defeat of the adversary are original rights and not rights on agreement – but order and compliance one must not look in occupied Berlin for an agreement between the Allies or Berlin or West or East Germany concerning the immunity of their Allied Forces in Berlin but only for the respective Allied order. Such an order is for example Allied Kommandatura Law No 7 (Compl. No. 4) or the "Declaration on Berlin", Art.III (a) (Compl. No. 22) which both provide for the immunity of the Allied Forces in Berlin.

(5) The sovereign Germany of today was restored by the Allied governments in Art. 7 of the *Two Plus Four Settlement* (Compl. No. 24). Art. 7,1 of this settlement runs: "The French Republic, the Union of Soviet Socialist Republics, the United Kingdom of Great Britain and Northern Ireland and the United States of America hereby terminate their rights and responsibilities relating to Berlin and to Germany as a whole." This "hereby" excludes retroactive rights of Germany on the rights that the Allies possessed until this "hereby". Only with this "hereby" they terminated their rights and only as a consequence of this "hereby" was Germany's unity restored in paragraph 2 of Art. 7: "The united Germany shall have accordingly full sovereignty over its internal and external affairs." According to Art. 28 of the *Vienna Convention on the Law of Treaties* which is internationally recognized as norm for treaties, treaties are not retroactive: "Unless a different intention appears from the treaty or is otherwise established, its provisions do not bind a party in

relation to any act or fact which took place or any situation which ceased to exist before the date of the entry into force of the treaty with respect to that party." There appears no intention in the *Two Plus Four Settlement* to provide reunited Germany with retroactive jurisdiction on Allied Forces Members. According to Art. 26 of *Vienna Convention on the Law of Treaties*, Pacta Sunt Servanda: "Every treaty in force is binding upon the parties to it and must be performed by them in good faith." It is simply not true that the reunited and sovereign Germany of today possesses retroactive sovereignty on Berlin for the period between 1945 and 1990. For that period there is only Allied sovereignty on Berlin. No retroactive sovereignty is transferred onto Germany in the *Two Plus Four Settlement.*

(6) The judgment in the Berlin criminal suit file ref 1 St Js 381/85 on the matter (Compl. No. 129), *see* Motion for reconsideration under C, at page 8 ff., contains the U.S. Sector Commandant's certificate on the legal route in the matter. The U.S. Sector Commandant being supreme authority in his sector with undivided power this certificate is supreme Berlin/German jurisdiction in the matter. It runs: No German jurisdiction on an Allied Forces Member! Gutch hopes to be able to submit very soon the properly certified judgment and translation of it into the English language by a sworn court translator. For the time being he hereby solemnly swears that the photocopy of this judgment in enclosure No. 50 of the complaint is a true photocopy of the judgment as contained in the files of the criminal suit, further that the translation was performed by Dr. Donald Gutch, retired lecturer of English linguistics at Regensburg University and native speaker of the English language, and was as closely translated by him to the judgment as possible. The certificate of the Sector Commandant in this judgment at any rate proves the subordination of German courts under the jurisdiction of the Sector Commandant not just generally but for this specific case and is because of this at least an implicit waiver of sovereignty.

(7) During the whole period of the occupation of Berlin the jurisdiction on Members of the Berlin Allied Forces was exclusively within Allied jurisdiction. It was an original right that the Allied Forces brought with them from their countries when entering Germany and penetrating into it during the course of World War II. They did not have to give it up at the end of the war as it was not them that surrendered but vice versa, Germany surrendered to them. Therefore they retained their own rights that they had brought with them, like the jurisdiction on them and received in addition to it in the unconditional surrender of Germany supreme authority over Germany including jurisdiction on Germany. As long as the occupation of Berlin lasted the Allies did not relinquish this right of jurisdiction on them and only this jurisdiction is concerned in the present case. Jurisdiction on itself has at all times been retained by an occupation power until the last second of the occupation and no retroactive jurisdiction has ever been transferred whenever an occupant has given up his rights in the occupied area. Otherwise tort claims of the former occupé would be possible against the former occupier. This present suit is about such jurisdiction of the occupier on him and Berlin had during its occupation never any jurisdiction on the Allies or their Forces. Reunited Germany also possesses no retroactive jurisdiction in this matter, it did not even exist at the time in question and any retroactive jurisdiction was not transferred onto it in the reunification process. The "Federal Republic of Germany" before 1990 is concerning sovereignty not the same as the "Federal Republic of Germany" after 1990. The opinion of the court that the unconditional surrender of Germany leaves room for supposing Germany's subject-matter jurisdiction in the matter is erroneous.

Dated: August 29, 2006

                                      Respectfully submitted,

                                      */s/ Harold Gutch*
                                      Harold Gutch
                                      Isarstrasse 66
                                      93057 Regensburg, Germany

## CERTIFICATE OF SERVICE

I certify that the above reply to Federal Republic of Germany's opposition of 24 August 2006 was served to the address of Germany's attorneys First Class German Mail, postage prepaid on 29 August 2006: Max Riederer von Paar, RUBIN, WINSTON, DIERCKS, HARRIS & COOKE, L.L.P. Sixth Floor, 1155 Connecticut Avenue, N.W., Washington, D.C. 20036, U.S.A.

*Harold Gerbn* [signature]

# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**HAROLD WILLIAM GUTCH**
Plaintiff,

v.                                                          Civil Action No. 05-23338 (RMU)

**FEDERAL REPUBLIC OF GERMANY**
Defendant.

## COMPLETION OF HAROLD GUTCH'S REPLY TO GERMANY'S OPPOSITION OF 24 AUG 2006

1. pgs. 4- 5 of opposition: Rule 60(b)(1) applies in the present case if "subsequent" does not mean the decision has to be later than the respective order but refers to court level. *Dostal v. Haig*, 652 F.2d. 173 (1981) *US Digest* 1979, pp. 787-90 and *Dostal v. Vance, Dostal v. Vance,* civil case No. 79-1964 (file ref no. taken from J.J. Stern. udgment in Berlin, 1984) which case being rejected by district court Washington, D.C. was carried to Court of Appeals which court rejected it unanimously.

2. at page 7: It is true that throughout the whole complaint (*see* Compl. 12-23 and all official Allied documentation that they "retained" their rights and responsibilities concerning Berlin, *see* also Compl. Nos. 72-94) the difference between Berlin, occupied region until 1990, the then Federal Republic of Germany, "West-Germany", independent since 1955, and the then Democratic Republic of Germany, "East-Germany", independent since 1958 was made clear.

1

It seems however that the precise indication that these three regions had different governments until 1990 and that "Germany with a central government" did not exist until 1990 but only "Germany as a geographical conception" and that there can't be retroactive sovereignty on something that did not exist was completely new. At least Germany's attorney still display profound astonishment and disbelief about the fact that the sovereign Germany of today does not include retroactive sovereignty on Berlin from 1945-1990 for the fact that during that time Berlin was under Allied sovereignty. You can not retroactively impose on the sovereignty of another Power. This fact seems completely new and utterly strange to them, so it must be taken as new and Gutch can claim to have "provided any previously undisclosed facts "so central to the litigation that it shows the initial judgment to be manifestly unjust." "(quoting Germany's opposition pg. 7). There are books on the occupation of Berlin and it would be advisable if Germany's attorneys consulted them, as they obviously didn't bother to read the evidence material on the occupation of Berlin the complaint offers, which material consists mainly in published Allied declarations. There is also for example material from highest US authority, the 4 official letters from Headquarters United States European Command, the highest military authority in Europe (not only highest US military authority in Europe, but highest European military authority generally) in enclosures 52-55 of the complaint, which letters are meanwhile before the court in properly certified copies, mentioning the occupation of Berlin: "The authorization was to practice law for the duration of the occupation which ended in Berlin a little over two years ago." Letter of 20 November 1992, in enclosure 52 of complaint. You would expect that with such evidence at least the occupation of Berlin is not disputed. And occupation means that there is an occupation power in that region which further is there because it wants to exercise and exert certain rights. If the Germany before 1990 is the same as the Germany after 1990, why do the four Allies come together and proclaim in Art.

7,2 of the "Two Plus Four Settlement" "The united Germany shall have accordingly full sovereignty over its internal and external affairs". What does the "accordingly" refer to, if Germany was same before this settlement as it was afterwards?

3. Gutch's argument in "motion for reconsideration" is not on the merits but on the jurisdiction in the case that is the subject-matter jurisdiction of the district court or in other words the waiver of sovereignty of Germany being present, that is it is a reaction on the order which denies exactly this. Admittedly this is difficult to recognize if one knows nothing about the occupation of Berlin and the status of the Allies there and if the submission is made by a person not legally trained and not a native speaker of the English language, as is the case here. The "motion for reconsideration" points at pgs. 8 ff at the United States Sector Commandant's certificate in the German criminal judgment (which will be transmitted to court as soon as possible in properly certified copy) of the German criminal trial that was the parallel suit to the civil suit. The US Mission, Berlin which issued the certificate as oral certificate in diverse hearings of the criminal trial is the Office of the U.S. Sector Commandant, that is the U.S. Mission's statements are the "certificate of the US Sector Commandant". This certificate of the Sector Commandant in the criminal judgment is clearly an "implicit waiver of immunity": Berlin subjected itself in a preceding suit in the same matter to the opinion of the Sector Commandant.

3. Motion to hear an expert

As it is obviously difficult to understand what occupation implies and therefore to recognize what this case is about, it would be best if an expert on Berlin occupation could be admitted. If the demand for an expert requires motion Gutch hereby respectfully moves this court to hear an expert on the occupation of Berlin. As Gutch does not know if he has to provide for one or

if the court does this (in Germany it is exclusively up to the court) Gutch respectfully moves this court to specify how to proceed here.

4. at page 9 of Germany's opposition: A reconsideration of the Court's July 27, 2006 order is necessary to prevent a manifest injustice. Is it not manifest injustice, that the deceased Kobre was endowed in 1951 by his government with an immunity status of highest dignity and that concerning this status there is a certificate of the U.S. Sector Commandant in Berlin which certificate is binding on all German authorities stating that as long as that status existed no German jurisdiction can be exercised, and that though it was proven that this status persisted as long as Kobre lived, a German court exercised retroactive jurisdiction on Kobre? Is it not manifest injustice that all the evidence proving Kobre's status was suppressed by the German court and in addition to this the status was declared as "immaterial" though the certificate of the Sector Commandant states that the status is of vital importance and that nothing but the status counts. Is it not manifest injustice that a non-valid military agreement was applied to the case by the German court? Is it not manifest injustice, that the deceased was assessed for over thirty years retroactively though German law provides only for retroactive assessment of 5 years. Is it not manifest injustice that because of this illegal retroactive jurisdiction of Germany the heir of Kobre is in debts in the million to the Berlin finance authorities and not able to lead a normal life. Is it not manifest injustice that Gutch has to carry the complaint before a United States court though it is actually the U.S. government's responsibility to protect this status as it granted it to the deceased, for after all why grant a status if you don't want to protect it? Is it not injustice that Gutch though not being legally trained and not being a native speaker of English has to bring the matter before the U.S. court by himself whereas Germany has at its disposition a whole office of the best attorneys? And is it not unjust that the judge is not even aware of what the occupation of Berlin implies and what status his own

4

government possessed in occupied Berlin? If all this is not injustice, then Gutch does not know what is. For we are not talking about a smashed car but about two whole lives, Kobre's and Gutch's, which are ruined if justice is not spoken and we are not talking about obscure evidence but about evidence material which consists for the greater part in officially published documents, declarations, laws, directives and we are talking about evidence material taken from official court files of an earlier trial, we are further talking about historical facts and official legal status on which there are books and on which experts can be heard. It only takes the trouble to sit down and read this material and inform oneself on the rights the Allies had in occupied Berlin or to admit an expert in these matters. But that is obviously too much to ask. And that is a manifest injustice for justice cannot be spoken without taking that trouble.

31 Aug 2006                    Respectfully submitted,

                               Harold Gutch

                               Isarstrasse 66
                               93057 Regensburg, Germany

## Certificate of Service

I certify that the above completion to Gutch's reply to Germany's opposition to plaintiff's motion of Aug. 24, 2006 was served by First Class German Mail, postage prepaid, on August 31, 2006 to Germany's attorneys Rubin, Winston, Diercks, Harris & Cooke, L.L.P., Sixth Floor, 1155 Connecticut Avenue, N.W., Washington, D.C., 20036, U.S.A.