# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HAROLD WILLIAM GUTCH,       :
                                 :
           Plaintiff,         :     Civil Action No.:     05-2338  (RMU)
                                 :
           v.              :     Document No .:     21
                                 :
FEDERAL REPUBLIC OF GERMANY,   :
                                 :
           Defendants.      :
                                 :

## MEMORANDUM ORDER

### GRANTING THE PLAINTIFF'S MOTION TO APPEAL *IN FORMA PAUPERIS*

The *pro se* plaintiff, a dual U.S. and German citizen, brought suit challenging tax assessments levied by the defendant against the plaintiff's deceased father.  On July 27, 2006, the court granted the defendant's motion to dismiss, concluding that the plaintiff's claims are barred by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ l330 *et seq.*, and that the court consequently lacked subject-matter jurisdiction over the plaintiff's claims.[1]  On August 31, 2006, the plaintiff filed a notice of appeal, and he now moves for leave to appeal *in forma pauperis*.

The federal *in forma pauperis* ("IFP") statute – originally enacted in 1892, and the substance of which was later codified in 28 U.S.C. § 1915 – is intended to benefit those too poor to pay or give security for costs of litigation.  *Neitzke v Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)).  The Supreme Court has noted that, in its general terms, 28 U.S.C. § 1915(a) prevents federal courts from denying a person the opportunity to commence, prosecute, or defend a civil or criminal action

---

[1] In its July 27, 2006 Memorandum Opinion, the court also denied as moot the plaintiff's motions for court-appointed counsel and for leave to perfect service of process.

solely because their poverty makes it impossible to pay or secure the costs of litigation.  *Id.*  The

individual seeking IFP certification, however, must submit an affidavit of indigency or poverty

that sufficiently demonstrates his inability to both provide himself with the necessities of life and

pay the costs of litigation.  28 U.S.C. § 1915(a); *Adkins*, 335 U.S. at 339-40.  "The determination

of a court whether to allow one to proceed *in forma pauperis* must be made separately in every

case."  *In re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981).

      The plaintiff has filed a motion and declaration in which he asserts that he has no

employment, no monthly income, and has had no income from any source within the past 12

months.  Pl.'s Mot. at 1.  Further, the plaintiff claims to have no assets other than $110.  *Id.* at 2.

He states flatly, "I own nothing."  *Id.*  The court also notes that the plaintiff has a financial

interest in the outcome of this litigation in that the defendant has levied substantial taxes against

the plaintiff, Compl. ¶ 1, as well as seized his existing assets, *id.* ¶ 32.  Because of the plaintiff's

demonstrated lack of financial resources, the court grants the plaintiff's motion to appeal *in

forma pauperis*.

      For the foregoing reasons, it is this 13th day of December, 2006,

      **ORDERED** that the plaintiff's motion to appeal *in forma pauperis* is **GRANTED**.

      **SO ORDERED**.

                                   RICARDO M. URBINA
                                 United States District Judge