# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-7151**  September Term, 2007

HAROLD WILLIAM GUTCH,
    APPELLANT

v.

FEDERAL REPUBLIC OF GERMANY,
    APPELLEE

MANDATE
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 2/1/08
BY: /s/ Deputy Clerk
ATTACHED: __ Amending Order
__ Opinion
__ Order on Costs

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED OCT 31 2007
CLERK

Appeal from the United States District Court
for the District of Columbia
(No. 05cv02338)

Before: GRIFFITH, *Circuit Judge*, and EDWARDS and WILLIAMS, *Senior Circuit Judges*.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED and ADJUDGED** that the district court's order granting defendant's motion to dismiss and denying plaintiff's motion for leave to perfect service of process is affirmed.

Harold Gutch has filed suit in federal district court against the Federal Republic of Germany. Gutch's suit challenges tax assessments levied by Germany against his deceased father, Dr. Samuel L. Kobre. German courts have upheld a judgment against Dr. Kobre for his failure to pay taxes to Germany from 1957 to 1989. Upon Dr. Kobre's death in 1989, the judgment passed to his son Gutch as inheritance debt. In his complaint, Gutch argues that his father was immune from German tax liability because he was a member of the Allied Forces in Berlin from 1951 until his death. Gutch asks the district court to declare the German judgment null and void, and to award damages.

As a foreign sovereign, Germany is immune from suit in the United States unless one of the exceptions to the Foreign Sovereign Immunities Act ("FSIA") applies. 28 U.S.C. § 1604; *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). On appeal,

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit
By: _____ Deputy Clerk

Gutch relies upon two exceptions, neither of which applies to his suit. Sovereign immunity under FSIA is "[s]ubject to existing international agreements to which the United States [was] a party at the time of enactment of [the] Act." 28 U.S.C. § 1604. But these international agreements eliminate sovereign immunity only where they "expressly conflic[t] with the immunity provisions of the FSIA." *Amerada Hess*, 488 U.S. at 442 (internal quotation marks omitted; alteration in original). No such international agreements apply to Germany. None of the agreements that Gutch lists in his complaint contain any mention of sovereign immunity, nor do they create an express conflict with the immunity provisions of FSIA.

FSIA also provides for jurisdiction where "the foreign state has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1). Gutch argues that Germany's surrender at the end of World War II was an explicit waiver of sovereign immunity, but "[a] foreign sovereign will not be found to have waived its immunity unless it has clearly and unambiguously done so." *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1162 (D.C. Cir. 2002). Germany's unconditional surrender made no mention of waiver of German sovereign immunity in the courts of the United States. We have found an implicit waiver of sovereign immunity in only three situations, and Gutch has failed to allege facts that would implicate any of them. *Id.* at 1161-62 n.11 ("Courts have found implied waiver where a foreign state has filed a responsive pleading without raising the defense of sovereign immunity . . . [and] where the state has agreed to arbitrate or to adopt a particular choice of law . . . .").

Because the district court lacked subject matter jurisdiction over Gutch's claims, it properly denied his motion for leave to perfect service of process.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

*Per Curiam*
**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk